1   **UNITED STATES DISTRICT COURT**

2   **CENTRAL DISTRICT OF CALIFORNIA**

3   **Southern Division**

4

5   SECURITIES AND EXCHANGE
    COMMISSION,
6
                        Plaintiff,
7
8                  vs.
                                                Case No.
9   ENERGY & ENVIRONMENTAL
    INVESTMENTS, LLC; ENERGY &
10  ENVIRONMENT, INC.; AMIR A.
    SARDARI; and NARYSA SARDARI
11  LUDDY,
12
                        Defendants.
13

14

15         **CONSENT OF DEFENDANT ENERGY & ENVIRONMENT, INC.**

16         1.      Defendant Energy & Environment, Inc. ("Defendant") waives service

17  of a summons and the complaint in this action, enters a general appearance, and

18  admits the Court's jurisdiction over Defendant and over the subject matter of this

19  action.

20         2.      Without admitting or denying the allegations of the complaint (except

21  as provided herein in paragraph 13 and except as to personal and subject matter

22  jurisdiction, which Defendant admits), Defendant hereby consents to the entry of

23  the final Judgment in the form attached hereto (the "Final Judgment") and

24  incorporated by reference herein, which, among other things:

25              (a)    permanently restrains and enjoins Defendant from violations of

26                     Section 17(a) of the Securities Act, Section 10(b) of the

27                     Exchange Act, and Exchange Act Rule 10b-5; and

28

1

1          (b)    orders Defendant to pay a civil penalty in the amount of

2                     $200,000 under Securities Act Section 20(d) and Exchange Act

3                     Section 21(d)(3).

4 Defendant acknowledges that defendants Amir A. Sardari ("Sardari") and Narysa

5 Sardari Luddy ("Luddy") have collectively set aside approximately $550,000 as an

6 initial payment toward their obligations in this action.  Defendant acknowledges

7 that Sardari and Luddy intend that $200,000 of the approximately $550,000 will be

8 paid in full satisfaction of Defendant Energy & Environment, Inc.'s civil penalty in

9 this action, and that the remaining approximately $350,000 will be paid in partial

10 satisfaction of Defendant Luddy's disgorgement in this action.

11        3.     Defendant consents to use its best efforts to sell the LNG Plant

12 Equipment ("Equipment") stored in a warehouse facility in Bakersfield, CA and

13 currently offered for sale, and then to pay all proceeds from that sale to the

14 Commission (less reasonable costs paid to store the Equipment since 2020 and

15 reasonable expenses associated with the sale and delivery of the Equipment to the

16 buyer) to be applied first to the disgorgement and prejudgment interest obligation

17 of defendant Narysa Sardari Luddy and then to the disgorgement and prejudgment

18 interest obligation of defendant Energy & Environmental Investments, LLC, up to

19 the point at which all disgorgement and prejudgment interest for those defendants

20 has been satisfied.  The Equipment includes:  1) Module 15: Supply Gas

21 Condensate Removal; 2) Module 20-1: Sulfur Removal; 3) Module 20-2: LNG

22 Purification; 4) Module 30: Refrigeration System; 5) Module 40: Liquefaction; 6)

23 Module 50: Instrument Air Utility; 7) Module 55:Control Room; 8) Module 60:

24 Module Nitrogen Generator Unit with N2 Tank system; 9) Module 90: Instrument

25 Air Utility; 10)Module 100: Power Generation System, 1030KW; 11) Control

26 Room; 12) Two 40 ft Container; and 13) Truck weight station.

27        4.     Defendant acknowledges that the civil penalty paid pursuant to the

28 Final Judgment may be distributed pursuant to the Fair Fund provisions of Section

2

1   308(a) of the Sarbanes-Oxley Act of 2002.  Regardless of whether any such Fair
2   Fund distribution is made, the civil penalty shall be treated as a penalty paid to the
3   government for all purposes, including all tax purposes.  To preserve the deterrent
4   effect of the civil penalty, Defendant agrees that it shall not, after offset or
5   reduction of any award of compensatory damages in any Related Investor Action
6   based on Defendant's payment of disgorgement in this action, argue that it is
7   entitled to, nor shall it further benefit by, offset or reduction of such compensatory
8   damages award by the amount of any part of Defendant's payment of a civil
9   penalty in this action ("Penalty Offset").  If the court in any Related Investor
10  Action grants such a Penalty Offset, Defendant agrees that it shall, within 30 days
11  after entry of a final order granting the Penalty Offset, notify the Commission's
12  counsel in this action and pay the amount of the Penalty Offset to the United States
13  Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not
14  be deemed an additional civil penalty and shall not be deemed to change the
15  amount of the civil penalty imposed in this action.  For purposes of this paragraph,
16  a "Related Investor Action" means a private damages action brought against
17  Defendant by or on behalf of one or more investors based on substantially the same
18  facts as alleged in the Complaint in this action.

19        5.      Defendant agrees that it shall not seek or accept, directly or indirectly,
20  reimbursement or indemnification from any source, including but not limited to
21  payment made pursuant to any insurance policy, with regard to any civil penalty
22  amounts that Defendant pays pursuant to the Final Judgment, regardless of whether
23  such penalty amounts or any part thereof are added to a distribution fund or
24  otherwise used for the benefit of investors.  Defendant further agrees that it shall
25  not claim, assert, or apply for a tax deduction or tax credit with regard to any
26  federal, state, or local tax for any penalty amounts that Defendant pays pursuant to
27  the Final Judgment, regardless of whether such penalty amounts or any part thereof
28  are added to a distribution fund or otherwise used for the benefit of investors.

6.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

7.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

8.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

9.      Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

10.      Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

11.      Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

12.      Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability.  Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral

4

1   consequences under federal or state law and the rules and regulations of self-

2   regulatory organizations, licensing boards, and other regulatory organizations.

3   Such collateral consequences include, but are not limited to, a statutory

4   disqualification with respect to membership or participation in, or association with

5   a member of, a self-regulatory organization.  This statutory disqualification has

6   consequences that are separate from any sanction imposed in an administrative

7   proceeding.  In addition, in any disciplinary proceeding before the Commission

8   based on the entry of the injunction in this action, Defendant understands that it

9   shall not be permitted to contest the factual allegations of the complaint in this

10  action.

11          13.    Defendant understands and agrees to comply with the terms of 17

12  C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to

13  permit a defendant or respondent to consent to a judgment or order that imposes a

14  sanction while denying the allegations in the complaint or order for proceedings,"

15  and "a refusal to admit the allegations is equivalent to a denial, unless the

16  defendant or respondent states that he neither admits nor denies the allegations."

17  As part of Defendant's agreement to comply with the terms of Section 202.5(e),

18  Defendant: (i) will not take any action or make or permit to be made any public

19  statement denying, directly or indirectly, any allegation in the complaint or

20  creating the impression that the complaint is without factual basis; (ii) will not

21  make or permit to be made any public statement to the effect that Defendant does

22  not admit the allegations of the complaint, or that this Consent contains no

23  admission of the allegations, without also stating that Defendant does not deny the

24  allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any

25  papers filed in this action to the extent that they deny any allegation in the

26  complaint.  If Defendant breaches this agreement, the Commission may petition

27  the Court to vacate the Final Judgment and restore this action to its active docket.

28  Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii)

1  right to take legal or factual positions in litigation or other legal proceedings in

2  which the Commission is not a party.

3      14.    Defendant hereby waives any rights under the Equal Access to Justice

4  Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any

5  other provision of law to seek from the United States, or any agency, or any

6  official of the United States acting in his or her official capacity, directly or

7  indirectly, reimbursement of attorney's fees or other fees, expenses, or costs

8  expended by Defendant to defend against this action.  For these purposes,

9  Defendant agrees that Defendant is not the prevailing party in this action since the

10  parties have reached a good faith settlement.

11      15.    Defendant agrees that the Commission may present the Final

12  Judgment to the Court for signature and entry without further notice.

13      16.    Defendant agrees that this Court shall retain jurisdiction over this

14  matter for the purpose of enforcing the terms of the Final Judgment.

15

16                          Energy & Environment, Inc.

17                          By:

18                          Amir A. Sardari
                            President and CEO
19                          16351 Gothard Street, Suite D
20                          Huntington Beach, CA 92647

21

22      On _Feb 23_____, 2023, _____, a person
23  known to me, personally appeared before me and acknowledged executing the
    foregoing Consent with full authority to do so on behalf of _____ as its
24  _____.

25

26                          _____
                            Notary Public
27                          Commission expires:

28

6

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**                    CIVIL CODE § 1189

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California                    )
County of ___Orange___                 )

On __02/23/2023__ before me, ___Sagar Balkrushna Patel, Notary Public___,
       Date                            Here Insert Name and Title of the Officer
personally appeared ___Amir A. Sardari___
                          Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

SAGAR BALKRUSHNA PATEL
Notary Public - California
Orange County
Commission # 2342164
My Comm. Expires Jan 18, 2025

Signature _____
              Signature of Notary Public

*Place Notary Seal Above*

──────────────────────── **OPTIONAL** ────────────────────────
*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: __Consent of Defendant Energy & Environment, Inc.__
Document Date: __02/23/2023__                    Number of Pages: __7__
Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____        Signer's Name: _____
☐ Corporate Officer — Title(s): _____       ☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited  ☐ General                ☐ Partner — ☐ Limited  ☐ General
☐ Individual        ☐ Attorney in Fact          ☐ Individual        ☐ Attorney in Fact
☐ Trustee          ☐ Guardian or Conservator    ☐ Trustee          ☐ Guardian or Conservator
☐ Other: _____                      ☐ Other: _____
Signer Is Representing: _____           Signer Is Representing: _____

©2016 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)    Item #5907

1

Approved as to form:

2

3

*Kristin M. Cano*
_____

4

Kristin M. Cano
Law Offices of Kristin M. Cano

5

19800 MacArthur Blvd., Suite 300
Irvine, CA 92612

6

(949) 759-1505

7

Attorney for Defendant

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28