# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## Southern Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ENERGY & ENVIRONMENTAL INVESTMENTS, LLC; ENERGY & ENVIRONMENT, INC.; AMIR A. SARDARI; and NARYSA SARDARI LUDDY,<br><br>　　　　Defendants. | Case No. |

## CONSENT OF DEFENDANT AMIR A. SARDARI

1. Defendant Amir A. Sardari ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Defendant has pleaded guilty to criminal conduct relating to certain matters alleged in the complaint in this action. Specifically, in *The People of the State of California v. Sardari*, OCDA 01012011 (Superior Court of California, County of Orange), Defendant pleaded guilty to a misdemeanor violation of Section 25110 of the Corporations Code. This Consent shall remain in full force and effect regardless of the existence or outcome of any further proceedings in *The People of the State of California v. Sardari*.

3. Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

1

    (a)    permanently restrains and enjoins Defendant from violation of Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act, and Exchange Act Rule 10b-5;

    (b)    permanently restrains and enjoins Defendant from directly or indirectly, including, but not limited to, through any entity owned or controlled by him, participating in the issuance, purchase, offer, or sale of any security in an unregistered transaction, provided, however, that such injunction shall not prevent him from purchasing or selling securities listed on a national securities exchange for his own personal account; and

    (c)    permanently restrains and enjoins Defendant from acting as an officer or director of an issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act or that is required to file reports pursuant to Section 15(d) of the Exchange Act.

Defendant acknowledges that defendants Amir A. Sardari ("Sardari") and Narysa Sardari Luddy ("Luddy") have collectively set aside approximately $550,000 as an initial payment toward their obligations in this action. Defendant acknowledges that Sardari and Luddy intend that $200,000 of the approximately $550,000 will be paid in full satisfaction of Defendant Energy & Environment, Inc.'s civil penalty in this action, and that the remaining approximately $350,000 will be paid in partial satisfaction of Defendant Luddy's disgorgement in this action.

4.    Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.    Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.    Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the

Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative

proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11. Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant acknowledges the guilty plea for related conduct described in paragraph 2, above, and (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal

or factual positions in litigation or other legal proceedings in which the Commission is not a party.

    12.    Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

    13.    Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

    14.    Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: Feb. 23/2023          _____/s/ Amir A. Sardari_____
                                                Amir A. Sardari

On _____, 2023, _____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

                                          _____
                                          Notary Public
                                          Commission expires:

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**      **CIVIL CODE § 1189**

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California      )
County of __Orange__      )

On __02/23/2023__ before me, __Sagar Balkrushna Patel, Notary Public__,
       *Date*                           *Here Insert Name and Title of the Officer*

personally appeared __Amir A. Sardari__,
                          *Name(s) of Signer(s)*

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
                  *Signature of Notary Public*

*[Notary Seal: SAGAR BALKRUSHNA PATEL, Notary Public - California, Orange County, Commission # 2342164, My Comm. Expires Jan 18, 2025]*

Place Notary Seal Above

---————— **OPTIONAL** —————---

*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: __Consent of Defendant Amir A. Sardari__
Document Date: __02/23/2023__     Number of Pages: __6__
Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual ☐ Attorney in Fact
☐ Trustee ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual ☐ Attorney in Fact
☐ Trustee ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

©2016 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5907

1  Approved as to form:
2
3  *Kristin M. Cano*
   ──────────────────────
4  Kristin M. Cano
   Law Offices of Kristin M. Cano
5  19800 MacArthur Blvd., Suite 300
   Irvine, CA 92612
6  (949) 759-1505
7  Attorney for Defendant
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28