UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Southern Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ENERGY & ENVIRONMENTAL INVESTMENTS, LLC; ENERGY & ENVIRONMENT, INC.; AMIR A. SARDARI; and NARYSA SARDARI LUDDY,<br><br>Defendants. | Case No. |

**CONSENT OF DEFENDANT NARYSA SARDARI LUDDY**

1. Defendant Narysa Sardari Luddy ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Defendant has pleaded guilty to criminal conduct relating to certain matters alleged in the complaint in this action. Specifically, in *The People of the State of California v. Sardari*, OCDA 01012011 (Superior Court of California, County of Orange), Defendant pleaded guilty to a misdemeanor violation of Section 25110 of the Corporations Code. This Consent shall remain in full force and effect regardless of the existence or outcome of any further proceedings in *The People of the State of California v. Sardari*.

3. Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

1

(a) permanently restrains and enjoins Defendant from violation of Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act, and Exchange Act Rule 10b-5;

(b) permanently restrains and enjoins Defendant from directly or indirectly, including, but not limited to, through any entity owned or controlled by her, participating in the issuance, purchase, offer, or sale of any security in an unregistered transaction, provided, however, that such injunction shall not prevent her from purchasing or selling securities listed on a national securities exchange for her own personal account;

(c) permanently restrains and enjoins Defendant from acting as an officer or director of an issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act or that is required to file reports pursuant to Section 15(d) of the Exchange Act;

(d) orders Defendant to pay disgorgement in the amount of $1,009,191.86, plus prejudgment interest thereon in the amount of $289,014.72; and

(e) Defendant acknowledges Defendant Energy & Environment, Inc. consents to use its best efforts to sell the LNG Plant Equipment ("Equipment") stored in a warehouse facility in Bakersfield, CA and currently offered for sale, and then to pay all proceeds from that sale to the Commission (less reasonable costs paid to store the Equipment since 2020 and reasonable expenses associated with the sale and delivery of the Equipment to the buyer) to be applied first to the disgorgement and prejudgment interest obligation of defendant Narysa Sardari Luddy and then to the disgorgement and prejudgment interest

obligation of defendant Energy & Environmental Investments, LLC, up to the point at which all disgorgement and prejudgment interest for those defendants has been satisfied. The Equipment includes: 1) Module 15: Supply Gas Condensate Removal; 2) Module 20-1: Sulfur Removal; 3) Module 20-2: LNG Purification; 4) Module 30: Refrigeration System; 5) Module 40: Liquefaction; 6) Module 50: Instrument Air Utility; 7) Module 55:Control Room; 8) Module 60: Module Nitrogen Generator Unit with N2 Tank system; 9) Module 90: Instrument Air Utility; 10)Module 100: Power Generation System, 1030KW; 11) Control Room; 12) Two 40 ft Container; and 13) Truck weight station.

4.  Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.  Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.  Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.  Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.  Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.  Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further

agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that she shall not be permitted to contest the factual allegations of the complaint in this action.

11. Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant acknowledges the guilty plea for related conduct described in paragraph

2, above, and (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 2/21/23

Narysa Sardari Luddy

On Feb. 21, 2023, 2023, Narysa Sardari Luddy, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

Valerie Preston
Notary Public
Commission expires: 3-10-2024

VALERIE PRESTON
Notary Public - California
Los Angeles County
Commission # 2323944
My Comm. Expires Mar 10, 2024

Approved as to form:

Robert Hartmann, Esq.
The Hartmann Law Firm
650 Town Center Dr., Suite 1400
Costa Mesa, CA 92626
(714) 543-2266
Attorney for Defendant