1
2
3
4
5
6
7
8        **UNITED STATES DISTRICT COURT**
9        **CENTRAL DISTRICT OF CALIFORNIA**
10       **SOUTHERN DIVISION**
11

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 8:23-cv-00338-FWS-JDE |
| Plaintiff, | **FINAL JUDGMENT AS TO DEFENDANT ENERGY & ENVIRONMENTAL INVESTMENTS, LLC [5]** |
| vs. | |
| ENERGY & ENVIRONMENTAL INVESTMENTS, LLC; ENERGY & ENVIRONMENT, INC.; AMIR A. SARDARI; and NARYSA SARDARI LUDDY, | |
| Defendants. | |

**FINAL JUDGMENT AS TO DEFENDANT ENERGY &**

**ENVIRONMENTAL INVESTMENTS, LLC**

The Securities and Exchange Commission having filed a Complaint and

Defendant Energy & Environmental Investments, LLC having entered a general

appearance; consented to the Court's jurisdiction over Defendant and the subject

matter of this action; consented to entry of this Final Judgment without admitting

or denying the allegations of the Complaint (except as to jurisdiction); waived

1

findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of

transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $3,414,836.23, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $977,948.76, and a civil penalty in the amount of $1,035,909 pursuant to Securities Act Section 20(d) and Exchange Act Section 21(d)(3).  Defendant shall satisfy this obligation by paying $5,428,693.99 to the Securities and Exchange Commission within 30 days.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable

to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center

Accounts Receivable Branch

6500 South MacArthur Boulevard

Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Energy & Environmental Investments, LLC as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action. Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed

1    pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act

2    of 2002.  The Court shall retain jurisdiction over the administration of any

3    distribution of the Fund and the Fund may only be disbursed pursuant to an Order

4    of the Court.

5         Regardless of whether any such Fair Fund distribution is made, amounts

6    ordered to be paid as civil penalties pursuant to this Judgment shall be treated as

7    penalties paid to the government for all purposes, including all tax purposes.  To

8    preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or

9    reduction of any award of compensatory damages in any Related Investor Action

10   based on Defendant's payment of disgorgement in this action, argue that it is

11   entitled to, nor shall it further benefit by, offset or reduction of such compensatory

12   damages award by the amount of any part of Defendant's payment of a civil

13   penalty in this action ("Penalty Offset").  If the court in any Related Investor

14   Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of

15   a final order granting the Penalty Offset, notify the Commission's counsel in this

16   action and pay the amount of the Penalty Offset to the United States Treasury or to

17   a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an

18   additional civil penalty and shall not be deemed to change the amount of the civil

19   penalty imposed in this Judgment.  For purposes of this paragraph, a "Related

20   Investor Action" means a private damages action brought against Defendant by or

21   on behalf of one or more investors based on substantially the same facts as alleged

22   in the Complaint in this action.

23                                            IV.

24        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the

25   Consent is incorporated herein with the same force and effect as if fully set forth

26   herein, and that Defendant shall comply with all of the undertakings and

27   agreements set forth therein.

28   ///

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

DATED:  May 19, 2023

_____
Hon. Fred W. Slaughter
UNITED STATES DISTRICT JUDGE